

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Chas. H. Slaughter
County Attorney
Martin County
Stanton, Texas

Dear Sir:

Opinion No. O-2384
Re: Liability of county for the expense
of maintaining office for county
attorney

Your letter of May 16, 1940, requesting the opinion of this department on the question as herein stated has been received. We quote your question as follows:

"Where there is a duly elected, qualified and acting County Attorney in a county of eight thousand inhabitants and there is not suitable or available office space in the courthouse building for carrying on the county's business by the county attorney, and the acting commissioners court fail or refuse to provide suitable office space, either at the courthouse building or elsewhere at the county seat, and in order that the duties of the office may be performed a suitable space with the necessary furniture, light and heat are contracted for and the itemized expense account and vouchers that are just and reasonable are submitted to the commissioners court in regular meeting, and refused, is the county liable for such expense?"

Article 1605, as amended, Vernon's Annotated Civil Statutes, provides, among other things, that the county attorney and other county officials named therein shall keep their offices at the county seats of their respective counties.

Sections 1 and 2 of Article 3899b, as amended, Vernon's Annotated Civil Statutes, read as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Section 1. There shall be allowed to County
Judges, Clerks of the District and County Courts,
Sheriffs, County Treasurers, Tax Assessors and Collec-
tors, such books, stationery, including blank bail
bonds and blank complaints, and office furniture as
may be necessary for their offices, to be paid for on
the order of the Commissioners Court out of the County
Treasury; and suitable offices shall also be provided
by the Commissioners Court for said officers at the
expense of the county. And such books and stationery
as are necessary in the performance of their duties
shall also be furnished Justices of the Peace by said
Commissioners Court. Provided all purchases herein
must be approved by Commissioners Court, and must be
made under the provisions of Article 1659, Revised
Civil Statutes of Texas, 1925.

"Sec. 2. Suitable offices and stationery and
blanks necessary in the performance of their duties
may in the discretion of the Commissioners Court also
be furnished to resident District Judges, resident
District and County Attorneys, County Superintendents
and County Surveyors, and may be paid for on order
of the Commissioners Court out of the County Treasury."

Section (a) of Article 3899, V.A.C.S., provides that
each officer named in the Act who is compensated on a fee basis
"shall make as part of the report now required by law, an item-
ized and sworn statement of all the actual and necessary expenses
incurred by him in the conduct of his office, such as stationery,
stamps, telephone, premiums on officials' bonds, including the
cost of surety bonds for his Deputies, premium on fire, burglary,
theft, robbery insurance protecting public funds, traveling
expenses and other necessary expenses," the amount of such
expenses to be paid out of the fees earned by such officer.

This statute does not authorize or require the commis-
sioners court to pay the expenses mentioned in your inquiry.

Under Section 2 of Article 3899b, as amended, the
commissioners court is not required to furnish suitable offices,
furniture, stationery and blanks necessary in the performance
of the duties of the county attorney, but such matters are left
entirely within the discretion of the commissioners court. If
the commissioners court has legally contracted or agreed to
furnish the county attorney a suitable office and furniture,
then the court would be liable for such expenses. However, where
the commissioners court has not contracted or agreed to furnish

a suitable office or furniture, etc., for the county attorney, said commissioners court would not be liable for such expenses.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell William

Ardell Williams
Assistant

AW:PBP

APPROVED MAY 29, 1940

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY CHAIRMAN